IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRANKLIN D. FENNELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civ. No. 09-163-SLR |
| DR. ALIE, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM ORDER**

At Wilmington this ___ day of July, 2009, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915 and § 1915A, and that plaintiff is given leave to file an amended complaint, for the reasons that follow:

1. **Background**. Plaintiff Franklin D. Fennell, ("plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983. (D.I. 2) He appears pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review**. When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks

monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

3. The legal standard for dismissing a complaint for failure to state a claim pursuant to §1915(e)(2)(B) is identical to the legal standard used when ruling on 12(b)(6) motions. *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (not published); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000); *Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

4. Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Id.* (citing *Twombly*, 550 U.S. at 556 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting *Twombly*, 550 U.S. at 556 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234. Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 127 S.Ct. at 2200 (citations omitted).

5. **Discussion**. The complaint alleges that in 2005, defendant Dr. Alie ("defendant") did not provide plaintiff with adequate medical care and, as a result of her actions, he underwent a series of six surgeries beginning December 2005 that included several skin grafts. The medical condition returned in January 2007 and non-defendant Dr. VanDusen ordered a medical consult for plaintiff. Plaintiff alleges that non-defendant CMS has not arranged for the medical consult and that he last saw a physician in July 2007.

6. **Statute of Limitations**. Plaintiff's claims against defendant are time-barred by the statute of limitations. "Limitations periods in 1983 suits are to be determined by

3

reference to the appropriate 'state statute of limitations and the coordinate tolling rules.'" *Hardin v. Straub*, 490 U.S. 536, 541 (1989) (citing *Board of Regents, University of New York v. Tomanio*, 446 U.S. 478, 484 (1980)). However, accrual of such claims are governed by federal law. *See Albright v. Oliver*, 510 U.S. 266, 280 n.6 (1994) (Ginsburg, J. concurring). The relevant state statute of limitations for a personal injury action in Delaware is two years. *See* 10 Del. C. 8119; *Carr v. Dewey Beach*, 730 F. Supp. 591 (D. Del. 1990).

7. The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). Where the statute of limitations defense is obvious from the face of the complaint and no development of the factual record, sua sponte dismissal under 28 U.S.C. § 1915 is permissible. *Smith v. Delaware County Court*, 260 F. App'x 454, 455 (3d Cir. 2008) (not published); *Wakefield v. Moore*, 211 F. App'x 99 (3d Cir. 2006) (not published). It is clear from the complaint that plaintiff's claims against defendant accrued in 2005. Plaintiff, however, filed his complaint in 2009, over two years after the expiration of the limitations period. Hence, it is evident from the face of the complaint that plaintiff's claims are barred by the two year limitations period. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

8. **Amendment**. The complaint alleges that CMS had delayed or denied plaintiff medical treatment, but it is not a named defendant. Since it appears plausible that

4

plaintiff might be able to articulate a claim against CMS (or name alternative defendants), he will be given an opportunity to amend his pleading. See *O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (not published) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption"). Any potential claims, however, must have accrued after March 10, 2007.

9. **Conclusion**. For the foregoing reasons, the claims against Dr. Alie are dismissed as barred by the statute of limitations and the complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). An amended complaint shall be filed within **thirty (30) days** from the date of this order. If an amended complaint is not filed within the time allowed, then the case will be closed.

                                                    UNITED STATES DISTRICT JUDGE