IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRANKLIN D. FENNELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 09-163-SLR |
| | ) |
| DR. ALIE, CARL DANBERG, THOMAS | ) |
| CARROLL, DALE RODGERS, | ) |
| IHOMA CHUCKS, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 16th day of September, 2009, having screened the amended complaint pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the amended complaint is dismissed pursuant to 28 U.S.C. § 1915 and § 1915A, and that plaintiff is given final leave to file an amended complaint, for the reasons that follow:

1. **Background**. Plaintiff Franklin D. Fennell, ("plaintiff"), is an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware. He appears pro se and has been granted leave to proceed in forma pauperis. Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. (D.I. 2) The court dismissed the complaint upon screening as barred by the statute of limitations. Plaintiff was given leave to amend since it appeared plausible that he might be able to articulate a claim against Correctional Medical Services or other alternative defendants. (D.I. 10) Plaintiff was advised that any potential claims must have accrued after March 10, 2007.

2. **Standard of Review**. This court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008)(not published); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

4. The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). "To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, –U.S.–, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

5. A claim is facially plausible when its factual content allows the court to draw a reasonable inference that defendant is liable for the misconduct alleged. Id. The plausibility standard "asks for more than a sheer possibility that a defendant has acted

2

unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Because Plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007).

6. **Discussion**. The amended complaint alleges that plaintiff became infected with methicillin-resistant staphylococcus aureus ("MRSA"); that defendant Commissioner Carl Danberg ("Danberg") was aware of the MRSA outbreak but took no measures to halt the spread of the disease; that defendant warden Thomas Carroll ("Carroll") failed to train the staff and implement proper procedures to stop the spread of MRSA; that defendant Dr. Dale Rodgers ("Dr. Rodgers") failed to implement procedures for adequate medical care for prisoners at VCC suffering from MRSA and that as a result, plaintiff received no medical care until he received outside medical care (including six surgeries); and that defendant Ihuoma Chuck ("Chuck") treated plaintiff on numerous occasions, but failed to order testing.

7. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353

(3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.,* 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3d Cir.1978)). In granting plaintiff leave to amend, the court advised him that any potential claims must have accrued after March 10, 2007. The amended complaint, however, contains no dates. In comparing the allegations of the original complaint to the allegations of the amended complaint, it appears that some of plaintiff's claims may be barred by the statute of limitations. Because, as before, it appears plausible that plaintiff might be able to articulate a claim against defendants he will be given a final opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (not published) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption"). Future amendments shall comply with pleading requirements and include the date or dates of any alleged constitutional violations.

8. **Conclusion**. For the foregoing reasons, the amended complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff is given leave to file a first amended complaint within **thirty (30) days** from the date of this order. If a first amended complaint is not filed within the time allowed, then the case will be closed.

_____
UNITED STATES DISTRICT JUDGE

4