IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FRANKLIN D. FENNELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 09-163-SLR |
| | ) | |
| CARL DANBERG, THOMAS | ) | |
| CARROLL, ADMINISTRATIVE | ) | |
| ASSISTANT TO THE | ) | |
| COMMISSIONER, MAJOR JAMES | ) | |
| SCARBOROUGH, DR. DALE | ) | |
| RODGERS, NURSE PRACTITIONER | ) | |
| IHOMA CHUCK, NURSE ASSISTANT | ) | |
| QUANNI, and CORRECTIONAL | ) | |
| MEDICAL SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

At Wilmington this 30th day of November, 2009, having screened the first amended

complaint (improperly named the second amended complaint) pursuant to 28 U.S.C. §

1915 and § 1915A;

IT IS ORDERED that the claims against defendants Carl Danberg, Thomas

Carroll, Administrative Assistant to the Commissioner, Nurse Practitioner Ihoma Chuck,

Nurse Assistant Quanni, and Correctional Medical Services are dismissed as frivolous

pursuant to 28 U.S.C. § 1915 and § 1915A, and that plaintiff is allowed to proceed

against defendants Major James Scarborough and Dr. Dale Rodgers, for the reasons

that follow:

1. **Background**. Plaintiff Franklin D. Fennell ("plaintiff") is an inmate at the

James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware. He appears pro se

and has been granted leave to proceed in forma pauperis. Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 10, 2009. (D.I. 2) The court dismissed the complaint upon screening as time-barred and gave plaintiff leave to amend since it appeared plausible that he might be able to articulate a claim against Correctional Medical Services ("CMS") or other alternative defendants. (D.I. 10) Plaintiff filed an amended complaint and, it too, was dismissed since it contained no dates and, compared to the original complaint, appeared to be time-barred. (D.I. 11, 12) In each screening order, plaintiff was advised that any potential claims must have accrued after March 10, 2007. The second screening order dismissed the complaint, gave plaintiff leave to amend, and advised him that "future amendments shall comply with pleading requirements and include the date or dates of any alleged constitutional violations." (D.I. 12)

2. Plaintiff filed the first amended complaint on October 9, 2009. (D.I. 13) It adds new defendants and raises claims pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act ("Rehab Act"). Plaintiff seeks injunctive and declaratory relief, as well as compensatory and punitive damages.

3. **Standard of Review.** This court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner

2

actions brought with respect to prison conditions). An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008)(not published); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000); *Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

5. The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). "To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, –U.S.–, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

6. A claim is facially plausible when its factual content allows the court to draw a reasonable inference that defendant is liable for the misconduct alleged. *Id.* The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* "[W]here the well-pleaded facts do not permit the court to

3

infer more than a mere possibility of misconduct, the complaint has alleged - but it has

not shown - that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint,

"however inartfully pleaded, must be held to less stringent standards than formal

*Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007).

7. **Discussion.** The first amended complaint alleges that plaintiff made medical

complaints in March 2005, but did not receive medical treatment until December 2005

when he was admitted to the Milford Memorial Hospital. (D.I. 13, ¶ 4) He remained

there until March 1, 2006. Plaintiff alleges that defendant Carl Danberg ("Danberg"),

Commissioner of the Delaware Department of Correction, is responsible for the

operation of the Delaware prison system, including providing constitutionally adequate

medical care and that: (1) Danberg failed to implement procedures to monitor inmates'

medical care; and (2) numerous correspondences on unknown dates alerted Danberg to

plaintiff's lack of medical care. (*Id.* at ¶ 6)

8. Plaintiff alleges that defendant Thomas Carroll ("Carroll"), former warden at

VCC: (1) failed to implement procedures to monitor inmates' medical care; (2) was

aware of the medical contractor's (i.e., CMS) insensitivity to plaintiff's medical problems;

(3) on unknown dates repeatedly ignored plaintiff's grievance and letter; and (4) failed to

adequately supervise and train custody staff. (*Id.* at ¶ 7) Carroll is sued in his official

capacity.

9. Plaintiff alleges that defendant James Scarbrough ("Scarbrough"), security

chief at VCC: (1) failed to implement procedures to halt correctional staff from

4

interfering with his medical treatment during the time plaintiff was housed at the Medium High Security Unit ("MHU") "as late as August 24, 2007"; (2) was aware of plaintiff's medical condition; (3) on unknown dates returned plaintiff's grievances complaining of his medical treatment as "non-grievable"; and (4) plaintiff's medical treatment while housed in MHU was inadequate as a result of correctional staff informing medical staff "what plaintiff could not have." (Id. at ¶ 8) Scarbrough is sued in his official capacity.

10. Plaintiff alleges that defendant Dr. Dale Rodgers ("Dr. Rodgers"), medical director at VCC, is responsible for supervising the medical care provided to all inmates at VCC and that she: (1) failed to adequately train staff and implement procedures for plaintiff to receive medically appropriate care; (2) ordered plaintiff's placement in MHU knowing it was not conducive to his medical problems; (3) canceled plaintiff's pain medications on June 8, 2007 even though a physician indicated that he required physical therapy and additional exercise; and (4) prevented outside follow-up with a specialist even though it was necessary. (Id. at ¶ 9) Dr. Rodgers is sued in her individual capacity.

11. Plaintiff alleges that defendant Ihuoma Chuck ("Chuck"), nurse practitioner at VCC, on unknown dates: (1) failed to adequately treat plaintiff's medical conditions and prevented him from seeing a physician; (2) failed to take or order appropriate tests; and (3) cancelled medications ordered by an outside specialist.[1] (Id. at ¶ 11) Chuck is sued in her individual capacity. Finally, plaintiff alleges that defendant Quanni ("Quanni"),

[1]The court docket incorrectly names as a defendant "nurse practitioner." This is merely the job description of Chuck and is not a different defendant. The clerk of court is directed to terminate nurse practitioner as a defendant.

5

nurse assistant at VCC, on unknown dates formed a personal dislike of plaintiff and ordered correctional officers to take away his wheelchair. (*Id.* at ¶ 11)

12. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.,* 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3d Cir.1978)). In granting plaintiff leave to file a first amended complaint, the court advised him that future amendments were to comply with pleading requirements and to include the date or dates of any alleged claims. (D.I. 12)

13. The claims against defendants Danberg, Carroll, Chuck, and Quanni do not include the date or dates of the claims as alleged against the foregoing defendants. The court's screening orders clearly stated that additional facts were necessary for plaintiff's claims to proceed. Plaintiff has been given two opportunities to correct his pleading deficiencies, to no avail. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (The court may curtail or deny a request for leave to amend where there is "repeated failure to cure deficiencies by amendments previously allowed" and there would be "futility of amendment."). Additionally, it is evident in reading the first amended complaint that plaintiff attempts to raise claims against Danberg and Carroll because of their supervisory positions. As is well known, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). Finally, while the first amended complaint names as defendants the administrative assistant to

6

the commissioner ("AAC") and CMS, there are no allegations directed towards them. Accordingly, the court will dismiss as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1), the claims raised against Danberg, Carroll, Chuck, AAC, Quanni, and CMS.

14.  Plaintiff refers, generally, to the ADA and the Rehab Act, with no specific allegations.  The facts as pled do not permit the court to infer more than a mere possibility of misconduct and fail to show that plaintiff is entitled to relief on these claims. Therefore, the court will dismiss the claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

15.  **Conclusion**.  For the foregoing reasons, the claims raised against Danberg, Carroll, Chuck, AAC, Quanni, and CMS, and the claims raised under the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act, are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).  The clerk of court is directed to remove from the court docket incorrectly named defendant nurse practitioner.  Plaintiff will be allowed to proceed against defendants Scarbrough and Dr. Rodgers.

IT IS FURTHER ORDERED that:

1.  The clerk of court shall cause a copy of this order to be mailed to plaintiff.

2.  Plaintiff shall submit **original** "U.S. Marshal-285" forms for defendants Major James Scarborough and Dr. Dale Rodgers as well as the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to 10 Del. C. § 3103(c).  Plaintiff shall also provide the court with copies of the first amended complaint (incorrectly named as the second amended complaint) for service

7

upon the remaining defendants and the attorney general. (D.I. 13) Plaintiff is notified

that the United States Marshals Service ("USMS") will not serve the first amended

complaint until all "U.S. Marshal 285" forms have been received by the clerk of court.

**Failure to provide the "U.S. Marshal 285" forms for the remaining defendants and**

**the attorney general within 120 days of this order may result in the first amended**

**complaint being dismissed or defendant(s) being dismissed pursuant to Federal**

**Rule of Civil Procedure 4(m).**

3. Upon receipt of the form(s) required by paragraph 2 above, the USMS shall

forthwith serve a copy of the first amended complaint (D.I. 13), this order, a "Notice of

Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the

defendant(s) so identified in each 285 form.

4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return

of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not

been received from a defendant, the USMS shall personally serve said defendant(s) and

said defendant(s) shall be required to bear the cost related to such service, unless good

cause is shown for failure to sign and return the waiver pursuant to Fed. R. Civ. P.

4(d)(1) and (2).

5. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with

process timely returns a waiver as requested, is required to answer or otherwise respond

to the complaint within **sixty (60) days** from the date upon which the complaint, this

order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a

8

defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE: \*\*\*** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). **\*\*\***

8. **NOTE: \*\*\*** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. \*\*\*

UNITED STATES DISTRICT JUDGE

9